UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMMANUEL S. ROBINSON
4405 RENA ROAD, APT. 2
SUITLAND, MARYLAND
20746.
*Plaintiff*

Vs.

Case: 1:15-cv-02218 Jury Demand
Assigned To : Leon, Richard J.
Assign. Date : 12/21/2015
Description: Pro Se Gen. Civil (F Deck)

DISTRICT OF COLUMBIA
441 4TH STREET, N. W.
WASHINGTON, D. C. 20001.

MAYOR, MURIEL BOWSER
1350 PENNSYLVANIA AVENUE, N. W.
WASHINGTON, D. C, 20004.

CITY COUNCIL MEMBERS:

YVETTE ALEXANDER,
COMMITTEE CHAIR
1350 PENNSYLVANIA, AVENUE; N. W.
WASHINGTON, D. C, 20004.

YULONDRA BARLOW, DIRECTOR
HUMAN SERVICES
1350 PENNSYLVANIA, AVENUE, N. W.
WASHINGTON, D. C. 20004.

RAYNA SMITH, Esq.
COMMITTEE DIRECTOR
1350 PENNSYLVANIA, AVENUE, N. W.
WASHINGTON, D. C. 20004.

KELLY VALENTINE,
INTERIM, CHIEF RISK OFFICER
441 4TH STREET, N. W.
WASHINGTON, D. C. 20001.

CHARLES J. WILLOUGHBY
INSPECTOR GENERAL
717 14TH STREET, N. W. (Suite 800)

RECEIVED
DEC 10 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

WASHINGTON, D.C. 20005.

EUGENE IRVIN, GENERAL COUNSEL
OFFICE OF GENERAL COUNSEL
DEPARTMENT OF EMPLOYMENT SERVICES
64 NEW YORK AVENUE, N. E.
WASHINGTON, D. C. 20002

KAREN SHEPARD, MANAGER
DISABILITY COMPENSATION PROGRAM/DCOP
441 4TH STREET, N. W.; ROOM 800-S
WASHINGTON, D. C.

ANDREA COMENTALE, ASSISTANT ATTORNEY GENERAL
OFFICE OF PERSONNEL AND LABOR RELATIONS
441 4TH STREET, N. W.
WASHINGTON, D. C. 20001.

**Defendants**

## CIVIL RIGHTS COMPLAINT FOR DAMAGES
### I. Preliminary Statement

1. This is a Complaint alleging the violation of the above plaintiff Civil Rights

And a tort action for damages filed by an D. C. Government employee whom

Was injury while working on the his Job and whom was denied prompt, proper and

Adequate medical treatment by the District of Columbia, at present; plaintiff is

presently unemployed and, residing at his residence. Plaintiff Robinson, alleged that he

is being denied systematically and, is being subjected to an on going practice, policy and

Custom of the District of Columbia; of inadequate medical treatment. For an extended

period of time Over six (6) years. Plaintiff Robinson has been subjected to this denial of

medical Treatment by defendants District of Columbia, et al.

Currently, there's one (1) entity that the District of Columbia Government employees is

- 1 -

Authorized to communicate with after an accident happen on the Job " The office of Risk Management", This office deal with 100,000 of injury workers from the D. C. Government. Plaintiff Robinson, has done his best in exhausting all of his administrative remedies that's available to him in this matter.

## II. JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U. S. C. sec. 1983 and file under the Eight and Fourteenth Amendments of the United States Constitution. Jurisdiction is found upon 28 U. S. C. sec. 1331 and 1343.   Venue is proper under 28 U. S. C. sec. 1391.

3. Jurisdiction over the Plaintiff claims comes under 42-1983; Plaintiff Robinson is a citizen of the United States of America, and a resident of the District of Columbia, Employed, and Working for the city, the District of Columbia Government.

4. Defendant, District of Columbia, is a Municipal Corporation, organized and existing By virtue of the District of Columbia Self - Governmental Reorganization Act, Pub. L. No.  93-198, 87 Stat.  774 (1973).  Defendant District of Columbia [hereinafter] The District, is directly responsible for the directions, supervision and control of the District of Columbia Departments heads or branches of Government  within the District Of Columbia, and the Defendant District of Columbia, imposes a strict duty  of safety, Care, conduct and control.  The defendant District of Columbia, also imposes a duty of Supervision, and training of all their employees under the defendant's control  within the D. C. Government workforce/ or Departments within the  Government.

5. Defendant, Muriel Bowser, is the Mayor of the District of Columbia, as Mayor and The Director of the D. C. Government, the Mayor is directly responsible for all the D. C.

Government agencies, and the Mayor is being sued in her individual and official

Capacity for the deliberated, outrageous, grossly and fraudulent acts/ or reckless acts

Towards safety of others pursuant to the provisions of subchapter XXIII of the District

D. C. Code, sec. 1-623.1 et seq. (2001 Ed.) (hereinafter, t he Act). Her disregards of the

rights of others.

6. Defendant, Yvette Alexander, is the" Committee Chairman of the District of

Columbia Human Services", she is being sued for willful or recklessly disregards the

rights of safety through her negligent and her lack of trust, this defendant is being sued in

her individual and official capacity, this defendant is directly responsible for the services,

operations, supervision and control of the personnel on her committee and has failed to

adequately supervise and control her committee as chair as a whole.

- 2 -

7. Defendant, Yulondra Barlow, is the Director of the Health and Human Services

Committee", and as Director this defendant is being sued in their individual and official

Capacity for the failure to supervise and direct as this position called to do as a director,

This defendant is responsible for procedures, policies and practice of his office as a

"Director, and this individual reskless and his outrageous negligent, deliberate disregard

His duties and the strict duty of care owe to his office as director, and this he did not do.

8. Defendant, Kelly Valentine, is the "Interim Chief Risk Management Officer, and is

Being sued in both individual and official capacity, this defendant is directly responsible

For the supervision, training and control of all employees under her supervision, and to

Oversee that this department is in compliance and  compatible with the laws of the

District of Columbia and United States of America that employees under her control

- 3 -

Should maintained the ability to provide, prompt and adequate services for the citizens District of nColumbia Government workers whom become injuried on their Job. Government injury employees at the Office of Risk Management Disability Program,, and this was not done by this Defendant, the defendant's negligent in this action shows that her leadership, was not in compliance with her responsibilities and with the modern medical standard governing the workers Disability Compensation Program the District of Columbia Government "Office of Risk Management have in-effect at present. Just because this individual hold office of "Interim Chief Risk officer" mitigation of a Wrong do not immune this individual from suit, and this individual is not *Shield* for the Gross negligent of the office this individual holds for the participation of denying medical treatment, promptly and adequately to injury government workers.

9. Defendant, Eugene Irvin, he the General Counsel for the "Department of Employment Services, and is being sued for the negligent to provide the Department of Employment Services the agencies within with adequate, proper and modern standard of a disability Program in the best interest of all injury workers, injury on their Job, to at least get the Medical treatment and attention the laws of the District of Columbia and U. S. Constitution requires. His action amounts to *Cruel and unusual punishment to workers Of the D. C. Government as a whole. See: Simpson v. Shepard, 230 U. S. 352 (1913).*

10. Defendant, Andrea Comentale, is the Assistant Attorney General for Office of Personnel and Labor Relations, and is being sued, for negligent and the deprivation Of Constitutional Rights as required by law, the practice and policies implemented Through this office is denying workers of the government right to proper, adequate

And prompt medical procedures and the right to live as others without pains and Suffering.

11. Defendant, Karen Shepard, is the Manager for Disability Compensation Program And is being sued for negligent, depriving Government employee, their rights to be Free from pains and suffering, the right to proper and adequate medical care, and the Failure to perform this capacity as Manager, this capacity has a duty that is owe to The Government Employees whom are injury on their Jobs and this duty was violated. Causing pains and suffering to Plaintiff Robinson in this action, and this negligent Was deliberated, wantonly and recklessly, with disregards for others rights.

12. Plaintiff Robinson, was injury while working on project for "Parks and Recreation" D. C. Government on June 29th 2007, at the time of injury plaintiff alleged that while Working with a 85 pound power drill, the drill locked-up throwing plaintiff to the Ground hurting plaintiff right arm, neck, shoulder, neck and lower back, plaintiff was Told to file an injury report, this accident was witness by plaintiff Supervisor Mr. Rockett, whom also filed an accident report concerning this matter before the court. On July 2, 2007, at approximately 2:30 p.m. or 3;30 p.m. plaintiff was called by a Medical Assistance from Kaiser Permanente informing plaintiff to call his medical Provider **ASAP**, orders from Dr. Edsel Gayoso.

13. On July 3, 2007 Plaintiff Robinson, was ordered to returned to Kaiser Permanente Pharmacy for treatment and medication for his injuries, since the medication and shot Received did not relief plaintiff pains in his arm, elbow, neck, shoulder and back.

14. Plaintiff Robinson, alleged that the **District of Columbia Government has special**

***Doctors that the Office of "Risk Management select to sent certain injury***

***Workers to, to take these worker off workman compensation and to return***

***These workers back to work, by these special Doctors orders***, this discrimination

Is a direct violation when these workers, such as Plaintiff Robinson, never ever

Been treat for some of his injuries.

15. This action by these defendants is discrimination, denying equal protection of

Law, denying proper medical care that owe to these workers, violation of the rights

Of others and ***arbitrarily rended by these defendants. All in trying to save monies***

***And keeping faithfull to their practice, procedures and policies,*** All in violation of

Of rights to proper medical treatmrnt, the right to be without pains and suffering, these

Defendants herein, do not regards the rights of others, only a pay check for themselves

### III. CLAIMS AND LIABILITIES

16. Since Plaintiff was injury June 29th, 2007, injury his right arm (elbow), neck,

Shoulder, and lower back, plaintiff has been denied proper medical treatment in-fact

Has never been treated for these injuries, only treatment that was given was for plaintiff

Right arm (elbow) nothing else. Plaintiff has been subjected to live with these pains

Each day since this accident, and the Office of Risk Management, has denied him

The right to treatment. At all relevant times mentioned in this complaint these

Defendants was acting under the authority of the Mayor and of the District of Columbia,

And has cause the deprivation of the right to plaintiff to adequate and proper medical

Treatment, which is a Constitutional Rights and a Civil Right, which is also statutory

Especial while the **D. C. Government is collecting monies from the plaintiff** checks

Every two (2) weeks for insurance, but when insurance is needed for payment of a

Doctor, Plaintiff Robinson is denied this right, in-fact The Office of Risk Management

Claimed that Plaintiff Robinson owe them $6,000 dollar for over payments, but never

Gave plaintiff any due process in proving how plaintiff was over paid from their office.

17. Defendants herein failed to provide prompt and adequate medical services for the

Plaintiff in this matter especially when the law permit them to, these rights are

Established by Civil, Statutory and U. S. Constitution, and this failure reveals a

Conscious of indifference as to whether plaintiff rights would be violated by their actions

As, Mayors, City Council Members, Attorney Generals, Managers, Supervisors, Case

Manager, Directors, inspectors and Interim Chiefs, or their failure to act in this case, or

Whichever occurred first.

18. Plaintiff Robinson, states that these defendants all knew, or should have known that

Their actions and involvement in depriving this plaintiff in this matter, the right to be

Properly seen by professionals whom specialize in these types of injuries cases

amounted to a violation of plaintiff rights, violation of equal opportunity and a violation

of equal Protection.  And as a direct and proximate result of these acts and omissions of

These defendants, plaintiff ask this court to render a Judgment of a of all defendants

herein as this complaint fully set forth and award Plaintiff Robinson a monetary

Judgment of  $45,000,000 Forty-Five Million dollars for his pain and suffering for

All these years he have suffer.

Defendants, Plaintiff Robinson has suffer and will continue to suffer from these

Violations.

## SECOND CAUSE OF ACTION

### *(Cruel and Unusual Punishment)*

19. Plaintiff Robinson, alleged and incorporate by reference paragraphs 1 through 18 as it fully set forth herein.

20. Since June 29th, 2007 and thereafter, defendants during their course and scope of Their employment inadequate, Negligently and improperly rendered the inadequate And improper treatment to plaintiff, when they knew, or should have known that the Statutory, Constitution and Civil Rights of Plaintiff Robinson was being **Arbitrarily and Capriciously,** being violated through their improper procedures, policies and practice That has been adopted and approve by these defendants in this matter. These defendants Along with it agents has an on going duty to exercise due care to ensure that Government Workers whom injury were not subjected to the unreasonable risk of these Violations, but yet these defendants allowed these unfair procedures, policies and Practice to continue that resulted in the suffering of Plaintiff Robinson since 2007.

21. The Negligence, inadequate procedures, inadequate policies and inadequate practice Has cause plaintiff in this matter to suffer and he will continue to suffer extensive pains And suffering, all contrary to the obligations to the equal protection laws of the United States of America. See: United States Constitution (*Eight Amendment*).

### V. THIRD CAUSE OF ACTION

### (Abuse of Medical Process)

22. Plaintiff Robinson, alleges and incorporate by reference paragraph 1 through 21 as it is fully set forth herein.

- 8 -

23. The failure of defendants herein to provide plaintiff proper, prompt and adequate Medical treatment when it was requested by plaintiff, such as by telephone or face to face Meeting between Case Manager and their supervisor, this reckless, disregards for the Plaintiff's Statutory, Constitution and Civil Rights, as to reveal a conscious of Indifference as to whether plaintiff's rights would be violated by their actions or failure To act in this case or whichever occurred first. All laws under the U. S. Constitutions 42-1983

24. The Defendants, all knew or should have known that their actions and involvement in depriving plaintiff of these fundamental rights to basic medical treatment after being Injury at work, an accident that happen right before a supervisor, clearly established at The time of this accident giving rise to this cause of action cited herein under, Eighth and Fourteenth Amendment under the U. S. Constitution, and Title 42-1983 (Civil Rights Act).

25. The deprivation of the plaintiff request for proper, prompt and adequate medical Treatment as required by laws of the United States of America, and under policies Of our Government, this deprivation has subjected plaintiff to what amount to **Cruel and Unusual Punishment,** by the Government of the District of Columbia.
See: ***Estelle v. Gamble,*** 429 U. S. 97 (1976); also see: ***Keith Glover v. Dr. Clive Jackson,*** 1990 U. S. Dist. Lexis 14796, citing Weslake v. Lucas, 537 F2d 857 (6th Cir. 1976).

### VI. **FOURTH CAUSE OF ACTION**
(Abuse and Denial of Procedureal Process)

26. Defendant in this cause of action, directly or indirectly acting under color of

Authority, approved or ratified these unlawful, deliberate, maliciously, reskless and Wantonly conduct of the co-workers at The Office of Risk Management within the District of Columbia Government.

27. As a direct and proximate cause of these acts committed by these defendants, has Cause plaintiff to suffer and he will continue to suffer pains because of his physical Injuries sustained while working for the District of Columbia Government Parks and Recreation, the deprivation of plaintiff Statutory, Civil and Constitutional Rights Guaranteed by the Eighth and Fourteenth Amendment of the United States and protected By Title 42 U. S. C. sec. 1983.

28. Defendants in this cause of action has had ample time and opportunity to correct Their wrong and provide plaintiff in this action with adequate, prompt and proper Medical treatment for the injuries that plaintiff suffer from, as of yet defendants still Have failed to do so.  See: Edelman v. Jordan, **415 U. S. 651 (1974), 415 U. S.A. 663. Also:**Monroe v. Pape, supra, after exming the legislative history of the Civil Rights Act Of 1871, now codified as 42-U. s. C. sec. 1983, and particularly the rejection of the so-Called Sherman Amendment, the court held that congress, in 1871, doubted its' Constitution authority to impose civil liabilities and therefore, could not have intended To include municipal bodies within the class of 'persons" subjected to the act. Re-Examinination of this legislation history compels the conclusion that congress in 1871, Would not have thought section 1983 constitutionally infirm if it applied to local Government, in addition, that history confirms that local government were intended to Be included.

29. Among the "person' to which section 1983 applied accordingly, Monroe v. Pape, is Overruled insofar as it holds that local governments are wholly immune from suit under Section 1983, Pp. 436 U. S. 664-689. Local governmenyt bodies (and local Officials) Sued in their official capacities), can therefore be sued directly under 1983 for: *<u>Monetary Declaratory, injunctive relief, in those situations where, as here, the action that alleged To be constitutional implements or executes a policy statement, ordinance, regulations, Or decision officially adopted, or promulgated by those, whose edicts or acts may fairly Be said to respresent official policy. In addition local government, like every other 1983 "person' may be sued for constitutional deprivations visit pursuant to Governmental "custom" even though such custom has not received forma approval Through the government official decision making channels. Pp. 436 U. S. 690-691</u>*

### VII. FIFTH CAUSE OF ACTION
(Punitive Damages)

30. Plaintiff Robinson, allegs, because punitive damages may be assessd against a Corporation for the acts of it employees, a plaintiff must show by clear and convincing Evidence that the (employee's) tortous acts were accompanied by conduct and a state of Mind envinvin malice or its equivalent " District of Columbia v. Bamidale, 103 A3d 516, 522 (d. C. 2014). Guoting District of Columbia v. Jackson, 810 A2d 388, 396 (D. C. 2002), In addition the plaintiff must show that the corporation through it *<u>officers, Directors, managers, agents,</u>* participated in the doing of wrongful acts or authorized R subsequently ratified the offending conduct with full knowledge of the facts. *<u>Snow v. Capitl Terrace, Inc. 602 A2d 121, 127 (D. C. 1992)</u>*, We view the evidence in the light

Most favorable to the plaintiff, cause asking only whether there was evidence from Which a Jury reasonable could fine the required elements, **_Bamidale, 103 A.3d at 522._**

## VIII. CONCLUSION

31. Plaintiff Robinson, moves this court for a Judgment against all defendants in this Action for the amount of $60, 000,000, sixty millions dollars with interest and cost, Also, attorney fees, court cost, and punitive damages in the amount of $25,000.000 Twenty-five millions dollars.

Respectfully Submitted

_____
Plaintiff, Emmanuel S. Robinson, pro-se