UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMMANUEL S. ROBINSON,            )
                                 )
         Plaintiff,              )
                                 )
v.                               )    Civil Action No. 15-2218 (RJL)
                                 )
DISTRICT OF COLUMBIA, et al.,    )
                                 )
         Defendants.             )

## MEMORANDUM OPINION

8/1/, 2016

**FILED**
AUG - 2 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

This matter is before the Court on Defendant District of Columbia's Motion to Dismiss [ECF No. 6], and plaintiff's Motion for Appointment of Counsel [ECF No. 8], Motion for Summary Judgment [ECF No. 10], and Motion for an Injunction, a Permanent Injunction or a Preliminary Restraining Order, Until Final Judgment In This Matter [ECF No. 14]. For the reasons discussed below, the District's motion will be granted, and plaintiff's motions will be denied.

## I. BACKGROUND

Plaintiff allegedly sustained injuries to his right arm, neck, shoulder and lower back "while working on [a] project for [the District of Columbia's Department of] Parks and Recreation on June 29[,] 2007." Compl. [ECF No. 1] ¶ 12. He and his supervisor filed incident reports. *See id.* Plaintiff received some treatment at Kaiser Permanente in early July 2007, *see id.* ¶¶ 12-13, for injuries to his "[r]ight arm (elbow) [and] nothing else," *id.* ¶ 16. He claimed that he got no "relief [from the] pain[] in his arm, elbow, neck, shoulder and back." *Id.* ¶ 13.

1

Plaintiff alleges that the District of Columbia "denied [him] prompt, proper and [a]dequate medical treatment . . . [f]or an extended period of time [o]ver six (6) years." *Id.* ¶ 1; *see id.* ¶¶ 13-16. He attributes these circumstances to a practice whereby the District's Office of Risk Management, the only "entity that the District of Columbia Government employee[] is [a]uthorized to communicate with after an accident . . . on the [j]ob," *id.* ¶ 1, sends injured workers to certain doctors, and pursuant to "these special [d]octors['] orders," the District would "take these worker[s] off work[ers'] compensation and . . . return [them] back to work," *id.* ¶ 14. In this way, plaintiff states, the District has denied him proper medical care for job-related injuries solely for the purpose of saving money. *See id.* ¶ 15.

Plaintiff asserts a "right . . . to adequate and proper medical [t]reatment, which [he deems] a Constitutional [r]ight[] and a [c]ivil [r]ight [and] a statutory" right. *Id.* ¶ 16; *see id.* ¶ 17. The statute on which he purportedly relies, "subchapter XXIII of the District D.C. Code, sec. 1-623 et seq. (2001 Ed.)," *id.* ¶ 5, pertains to the workers' compensation program for District government employees. After having "done his best in exhausting all of his administrative remedies that's [sic] available to him in this matter[,] *id.* ¶ 1, plaintiff brings "this action . . . pursuant to 42 U.S.C. [§] 1983" alleging violations of rights protected "under the Eighth and Fourteenth Amendments of the United States Constitution," *id.* ¶ 2. He demands "a monetary Judgment . . . for his pain and suffering[,]" *id.* ¶ 18, of "$60,000,000 . . . with interest and cost[s] . . . , and punitive damages in the amount of $25,000,000[,]" *id.* ¶ 31.

## II. DISCUSSION

The District of Columbia moves to dismiss plaintiff's complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) on the ground that it fails to state a claim upon which

2

relief can be granted. *See generally* Mem. of P. & A. in Support of Def. District of Columbia's Mot. to Dismiss [ECF No. 6] ("Def.'s Mem.") at 3-6.

### A. Dismissal Under Rule 12(b)(6)

A complaint is subject to dismissal if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff need only provide a "short and plain statement of [his] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curium) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In other words, it must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (internal quotation omitted). Although a complaint filed by a *pro se* plaintiff is "to be liberally construed," *Erickson*, 551 U.S. at 94 (internal citation omitted), it, too, must set forth factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. Constitutional Claims Against the District of Columbia

In relevant part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

3

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* Section 1983 is not itself a source of substantive rights; rather, it is a method of vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 807, 811 (1994); *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

To state a claim under § 1983, a complaint must allege facts sufficient to show that a person acting under color of State or District of Columbia law committed an action which deprived the plaintiff of rights protected under the United States Constitution or federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A "person" for purposes of § 1983 can be a municipality such as the District of Columbia. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978) (defining "person" to include municipalities and local government entities); *Jordan v. District of Columbia*, 113 F. Supp. 3d 278, 281 (D.D.C. 2015) ("The District of Columbia is considered a 'person' for purposes of § 1983.") (citations omitted).

"[I]n considering whether a plaintiff has stated a claim for municipal liability, the district court must conduct a two-step inquiry." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). The Court "must determine whether the complaint states a claim for a predicate constitutional violation," and it "must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation." *Id.* at 1306. "[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008) (citing *Monell*, 436 U.S. at 694); *see Baker*, 326 F.3d at 1306 (stating that a plaintiff

must "allege[] an affirmative link . . . such that a municipal policy was the moving force behind the constitutional violation") (internal quotation marks and citations omitted).[1]

The District argues that plaintiff "merely recites vague and conclusory allegations that [the] failure to fully treat his injuries amounted to cruel and unusual punishment, 'abuse of medical process,' denial of due process and denial of equal protection by the District." Def.'s Mem. at 4. In the District's view, the factual allegations of the complaint not only fail to "support these causes of action," *id.*, but also fail to "demonstrate how the allegedly inefficient medical treatment [plaintiff] experienced is the District's official policy," *id.* at 6.

The Court concurs with the District's position, *see id.* at 4, that plaintiff fails to allege a claim under the Eighth Amendment. Plaintiff is not a prisoner in the District's custody who might claim that the defendants' deliberate indifference to his serious medical needs runs afoul of "[t]he Eighth Amendment's proscription of cruel and unusual punishments." *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983).[2] Plaintiff is no more successful in stating a claim under the Fourteenth Amendment, which in relevant part provides that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV, sec. 1. The District of Columbia is not a State, and therefore the Fourteenth Amendment does not apply to it. *Bolling v. Sharpe*, 347 U.S. 497, 500 (1954) (applying Fifth Amendment to District of Columbia because the Fourteenth Amendment applies only to states);

---

[1] It does not appear that any of the individual defendants has been served with process. For this reason, and because the District of Columbia cannot be held responsible for the alleged unconstitutional actions of District officers or employees under a theory of *respondeat superior* or vicarious liability, *see Iqbal*, 556 U.S. at 676, plaintiff's claims against the individual defendants will be dismissed.

[2] Nor is plaintiff an arrestee in the District's custody who might raise a claim under the Fifth Amendment to the United States Constitution arising from the alleged denial of adequate medical care. *See City of Revere*, 463 U.S. at 244 ("The Due Process Clause . . . does require the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police.").

5

*see Owens v. District of Columbia*, 875 F. Supp. 2d 75, 83 (D.D.C. 2012) (granting summary judgment for defendant on plaintiff's § 1983 claim under the Fourteenth Amendment), *on recons. in part*, 923 F. Supp. 2d 241 (D.D.C. 2013), *aff'd*, 606 F. App'x 585 (D.C. Cir. 2015).

Insofar as plaintiff uses phrases such as "Abuse of Medical Process," Compl. at 8 (Third Cause of Action), and "Abuse and Denial of Procedureal [sic] Process," *id.* at 9 (Fourth Cause of Action), the Court presumes that the complaint alleges a violation of the Fifth Amendment's due process component "which protects the opportunity to be heard at a meaningful time and in a meaningful manner." *Caldwell v. Obama*, 6 F. Supp. 3d 31, 45 (D.D.C. 2013) (internal quotation marks and citations omitted); *see* U.S. CONST. amend. V ("No person shall be . . . deprived of life, liberty, or property, without due process of law.").[3] The Court's analysis of a due process claim of this sort begins by determining "whether the plaintiff has been deprived of a protected interest in liberty or property." *Gen. Elec. Co. v. Jackson*, 610 F.3d 110, 117 (D.C. Cir. 2010) (internal quotation marks and citation omitted).

Nothing in the complaint suggests that a liberty interest is at stake. Rather, it appears that plaintiff fashions a property interest under District of Columbia law, specifically its workers' compensation statute, and any rights or benefits to which he is entitled under the statute. It further appears that plaintiff received some benefits including medical treatment, *see* Compl. ¶¶ 12-13, perhaps more than he was entitled to receive, *see id.* ¶ 16 (referring to an overpayment of $6,000). For purposes of this Memorandum Opinion, the Court finds that plaintiff alleges a

---

[3] Plaintiff mentions in passing that he has been "den[ied] equal protection of Law," Compl. ¶ 15, which the Court treats as his effort to state an equal protection claim. The District of Columbia is required to "treat similarly situated persons alike . . . by virtue of the Fifth Amendment's guarantee of due process of law." *Women Prisoners of D.C. Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996) (citations omitted). Missing from the complaint are any factual allegations to show that plaintiff has received less favorable treatment when compared to the treatment afforded to similarly situated persons, and his equal protection claim therefore will be dismissed.

6

protected interest in, or "a legitimate claim of entitlement to," *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577 (1972), workers' compensation benefits.

"Once it is determined that due process applies, the question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Based on plaintiff's allegation that he "has done his best in exhausting all of his administrative remedies," Compl. ¶ 1, it appears that there was some opportunity for plaintiff to have been heard on certain but perhaps not all matters, such as the Office of Risk Management's "[c]laim that [p]laintiff . . . owe[s] $6,000 for overpayments" *Id.* ¶ 16. Missing from the complaint are factual allegations setting forth what process plaintiff actually has received or identifying what process plaintiff is or was due at any particular point in time. The Court therefore cannot determine the manner in which the District allegedly deprived plaintiff of a constitutionally protected interest. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner," *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations and citation omitted), and plaintiff's complaint fails to allege that he is or was denied due process with respect to his claim for workers' compensation benefits, including medical care, for the injuries he sustained in 2007. *See Lewis v. Gov't of the District of Columbia*, __ F. Supp. 3d __, __, 2015 WL 8082293, at *9 (D.D.C. Dec. 7, 2015) (dismissing procedural due process claim where, "even if [the interests alleged by plaintiff] are constitutionally protected, [she] offers absolutely no detail as to what procedures she was owed to avoid such harms"); *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 72 (D.D.C. 2007) (deeming "procedural due process claim . . . infirm, because Plaintiffs do not actually identify the process of which they were allegedly deprived").

## III. CONCLUSION

The Court finds that plaintiff's complaint fails to state a claim under the Fifth, Eighth or Fourteenth Amendment to the United States Constitution upon which relief can be granted. Absent a viable constitutional claim, there can be no municipal liability on the District's part and no basis for the injunctive relief plaintiff demands. The District's motion to dismiss will be granted, and plaintiff's motions will be denied. An Order is issued separately.

_____
RICHARD J. LEON
United States District Judge